CONRAD, Respondent, v. ILLINOIS SOUTHERN
RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 13, 1906.**

APPELLATE PRACTICE: Weight of Evidence. It is for the trial
court, not the appellate court, to decide a point involving a de-
termination of the weight of evidence.

Appeal from St. Francois Circuit Court.—*Hon. Robert
A. Anthony,* Judge.

AFFIRMED.

*W. S. Anthony* for appellant.

*D. L. Rivers* for respondent.

GOODE, J.—This action was instituted to recover
the value of a cow killed by one of the appellant's loco-
motives. The accident happened in Randolph township,
St. Francois county. The evidence tended strongly to
show that though the railroad right of way was fenced
where the animal was killed and continuously through
the township, the fence did not conform to the statute
on the subject. The posts were sixteen feet apart—so
far apart that the wires sagged. The animal was
killed about one hundred and fifty yards from the cross-
ing of the public road. There were cattle-guards con-
structed at this crossing, but the evidence of the plain-
tiff was that they were so made as not to turn cattle, but
stock could walk over them at will. No declarations of
law were asked by either party except one by the rail-
road company, that on the evidence the plaintiff could
not recover. The court found judgment for the plain-
tiff. The point raised on the appeal is that the evidence
showed the statute was complied with by the railroad

company and therefore it is not liable for the death of the animal. This contention certainly cannot be maintained. The testimony on the subject was highly contradictory in respect to the cattle-guard. Even the defendant's testimony regarding the fence, though it tended to show the fence would turn stock, showed it was not built as the law required. The point raised on the appeal involves the determination of the weight of the testimony, which is a matter for the trial court, not for this one. The judgment is affirmed.